```
------------------------------x
                              :
SEAN BURRITT,                 :
                              :
      Plaintiff,              :
                              :
v.                            :    Civ. No. 3:06CV01754(AWT)
                              :
JOHN POTTER, Postmaster       :
General, U.S. Postal Service, :
                              :
      Defendant.              :
                              :
------------------------------x
```

## RULING ON MOTION TO DISMISS

Plaintiff Sean Burritt ("Burritt") brought this action against John Potter, Postmaster General of the U.S. Postal Service in a two-count Complaint. The First Count alleges a violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Second Count alleges intentional infliction of emotional distress. The defendant has moved to dismiss the Complaint in its entirety. For the reasons set forth below, the defendant's motion is being granted.

## I.    FACTUAL ALLEGATIONS

The plaintiff alleges that he was employed by the U.S. Postal Service beginning in January 1989. The plaintiff, who suffers from bipolar disorder/manic depression, was absent from work on or about September 30, 2005 because of "an exacerbation of his illness which did not readily respond to medication." (Complaint, at ¶ 6). According to a treating physician, the

plaintiff was rendered completely unable to work.  The plaintiff's mother, Dorothy Burritt, informed the plaintiff's supervisor about his medical condition and provided updates to her.  In October 2005, Burritt had a "pre-disciplinary meeting" with his supervisor, Diana Carlbert.  (Complaint, at ¶ 7).

On or about January 17, 2006, the plaintiff was examined by the Occupational Health Unit and was cleared to return to full duty.  However, Burritt was not allowed to return to work.  Also, Manager of District Operations for Tour 2, Natalie Caprio, allegedly "repeatedly criticized the plaintiff and tried to refuse his request for union representation."  (Complaint, at ¶ 12).

The plaintiff received a letter of termination, effective February 10, 2006, for "Failure to Follow Leave Regulations." (Complaint, at ¶ 13).  The plaintiff alleges that Calbert and another employee or agent of the Postal Service, Joe Stack, "were increasingly making the plaintiff's time and attendance an issue with respect to his continued employment with the Postal Service, despite the fact they knew of his medical condition . . . ."  Id. at ¶ 14.  Furthermore, Burritt alleges that other employees had comparable or even worse time and attendance records, but suffered no disciplinary action.  The plaintiff alleges that he requested "reasonable accommodations," but received none.  Id. at ¶ 24.  Burritt contends that his treatment was "motivated, at

least in substantial part, by plaintiff's mental disability."
Id. at ¶ 17.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims."  United States v. Yale New Haven Hosp., 727 F. Supp 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

## III. DISCUSSION

    A.    <u>First Count: Violation of Rehabilitation Act, Section 504, 29 U.S.C. § 794</u>

The government argues that the First Count should be dismissed for failure to exhaust administrative remedies. "An employee suing the federal government under the Rehabilitation Act must exhaust certain administrative remedies before initiating a lawsuit in federal court." <u>Bruce v. U.S. Dept. of Justice</u>, 314 F.3d 71, 74 (2d Cir. 2002). The Second Circuit has explained that "an agency employee must first seek EEO counseling within forty-five days of the allegedly discriminatory act." <u>Boos v. Runyon</u>, 201 F.3d 178, 181 (2d Cir. 2000). "The employee must then file an EEO complaint with 'the agency that allegedly discriminated against the complainant.'" <u>Id.</u> at 181 (quoting 29 C.F.R. § 1614.105(a)(1)). "Within ninety days of the agency's final decision, or after the passage of 180 days from the filing of the complaint with the agency if no final decision has yet been rendered, the complainant may file suit in federal court." <u>Id.</u> at 181. "[T]he Rehabilitation Act incorporates the procedural requirements for suits under Title VII" and "as with employment discrimination claims brought directly under Title VII, employment discrimination claims under the Rehabilitation Act are barred unless the employee has exhausted available administrative remedies." <u>Hughley v. United States Postal Service</u>, No. 86 Civ. 8487(SWK), 1992 WL 51495, at *3 (S.D.N.Y.

4

Mar. 5, 1992).

The plaintiff argues that claims brought pursuant to section 504 do not require exhaustion of administrative remedies. Burritt cites to <u>Rothschild v. Grottenthaler, et al.</u>, 716 F.Supp. 796 (S.D.N.Y. 1989), where hearing-impaired parents sued the school district and superintendent for failure to provide meaningful access to school-initiated parent–teacher conferences. The court found that "section 504 of the Rehabilitation Act does not require first resort to administrative remedies." <u>Id.</u> at 801. Burritt also cites to <u>Henchey v. Town of North Greenbush, et al.</u>, 831 F.Supp. 960 (N.D.N.Y. 1993), where a terminated employee brought suit under section 504 against the town. The court stated that "[a] majority of courts addressing [the exhaustion] issue have declined to require the exhaustion of administrative remedies." <u>Id.</u> at 968. These cases do not support Burritt's argument because, as the Sixth Circuit explained in <u>Tuck v. HCA Health Services of Tennessee, Inc.</u>, 7 F.3d 465 (6th Cir. 1993), the Rehabilitation Act contains different exhaustion requirements applicable to different claimants. Accordingly, "[h]andicapped employees who work for recipients of federal financial assistance . . . were not required to exhaust administrative remedies." <u>Id.</u> at 471. <u>See</u> 29 U.S.C. § 794a(a)(2). However, "[h]andicapped <u>federal employees</u> were given the 'remedies, procedures, and rights' of

Title VII . . . and were required to exhaust administrative remedies just as other claimants under Title VII were." <u>Tuck</u>, 7 F.3d at 471 (emphasis added) (referring to 29 U.S.C. § 794a(a)(1), which specifically points to § 791). Undeniably, had the plaintiff pled a claim pursuant to § 791, he would have had to exhaust administrative remedies. A reading of the plain language of § 794a(a)(2) suggests that the plaintiff could avoid Title VII exhaustion requirements by pleading a § 794 claim and instead being subject to Title VI procedures. However, as the Third Circuit discussed in <u>Freed v. Consolidated Rail Corp.</u>, 201 F.3d 188, 192 (3d Cir. 2000), it is "unlikely that Congress wanted to provide 'different sets of remedies, having different exhaustion requirements, for the same wrong committed by the same employer.'" (citation omitted). "[F]ederal employees must exhaust Title VII administrative remedies before filing suit against a federal employer under section 504." <u>Id.</u>

Some courts have found that section 504, as opposed to section 501, does not even provide a cause of action for federal employees. <u>See, e.g.</u>, <u>Sidor v. Reno</u>, No. 95 Civ. 9588(KMW), 1997 WL 582846, at *3 (S.D.N.Y. Sept. 19, 1997); <u>DiPompo v. West Point Military Academy</u>, 708 F.Supp. 540, 546 (S.D.N.Y. 1989) ("the enforcement provisions of the Rehabilitation Act and their legislative history make clear that § 501 was intended to become one of the many resources a federal employee has in pursuing an

employment discrimination claim, while § 504 was not"). <u>See also</u>
<u>Boyd v. U.S. Postal Service</u>, 752 F.2d 410, 413 (9th Cir. 1985)
(former Postal Service employee could not "invoke section 504 to
circumvent [section 501's] exhaustion requirements" and holding
that "section 501 is the exclusive remedy for discrimination in
employment by the Postal Service on the basis of handicap").
Moreover, the court observed in <u>Boyd</u> that even if section 504
were a viable option, "we would feel compelled to read into that
remedy the same exhaustion requirements of Title VII . . . that
apply under section 501." <u>Id.</u> <u>See also</u> <u>Milbert v. Koop</u>, 830
F.2d 354, 357 (D.C. Cir. 1987) (noting conflict of authority, but
also stating that "those courts which have taken the approach
that a private cause of action exists under either section 501 or
section 504 or both, have read into section 504 the requirement
of exhaustion of administrative remedies in the manner prescribed
by section 505(a)(1) and thus by Title VII"). The court need not
decide whether Count One is properly pled pursuant to section
504, as opposed to section 501, because the plaintiff has not
properly exhausted administrative remedies in any event.

The plaintiff argues, in the alternative, that the court
should excuse his failure to exhaust EEO remedies. In <u>Boos</u>, the
Second Circuit determined that the exhaustion requirement was not
jurisdictional. 201 F.3d at 182. Equitable tolling may apply in
some situations where a plaintiff has failed to meet the 45-day

counseling requirement.  <u>Id.</u> at 184.  The plaintiff bears "[t]he burden of demonstrating the appropriateness of equitable tolling."  <u>Id.</u> at 185.  Even where a plaintiff suffers from a mental illness, "our Circuit adheres to a case-specific approach."  <u>Id.</u> at 185.  Because the plaintiff has failed to allege facts that demonstrate equitable tolling is appropriate, his section 504 claim is being dismissed.  <u>See</u> <u>Torres v. U.S. Dept. of Veteran Affairs</u>, No. 02 Civ.9601(HBP), 2004 WL 691237, at *5 (S.D.N.Y. Mar. 31, 2004) (where "plaintiff makes no allegation that she sought counseling within 45 days of the allegedly discriminatory act" and "does not make any argument in support of a waiver, estoppel or an equitable toll," her claims under the Rehabilitation Act were dismissed).  The plaintiff has failed to show even a tardy filing of an administrative complaint.

> B.  <u>Second Count: Intentional Infliction of Emotional Distress</u>

> > 1.  <u>Preemption by Rehabilitation Act</u>

The government first argues that tort claims arising from the alleged discrimination are preempted by the Rehabilitation Act.  In <u>Lucenti v. Potter</u>, the court stated that "Title VII and the Rehabilitation Act are the exclusive remedies available to federal employees who allege employment discrimination."  432 F.Supp.2d 347, 366 (S.D.N.Y. 2006).  In <u>Lucenti</u>, the court dismissed the plaintiff's state law claim for intentional

infliction of emotional distress "[b]ecause [plaintiff's] state
law claim is duplicative of her claims under Title VII and the
Rehabilitation Act." Id. Here, the plaintiff argues that "the
challenged conduct of the defendant does not arise exclusively
from the plaintiff's assertion of discrimination under the
Rehabilitation Act . . . ." (Plaintiff's Motion in Opposition to
Defendant's Motion to Dismiss (Doc. No. 12), at 12). However,
the plaintiff does not appear to point to any conduct in addition
to that forming the basis for his discrimination claim. To the
extent that the claims are duplicative, the intentional
infliction of emotional distress claim is preempted.

##### 2. Sovereign Immunity

The government also argues that, assuming arguendo that the
Rehabilitation Act does not completely preempt the plaintiff's
intentional infliction of emotional distress claim, there has not
been a waiver of sovereign immunity. If the plaintiff is
attempting to assert a state-law intentional infliction of
emotional distress claim against the Postmaster General, his
claim is barred because the United States has not waived its
sovereign immunity with respect to such a claim. See Russo v.
Glasser, et al., 279 F.Supp.2d 136, 140 (D. Conn. 2003) ("suits
filed against federal government employees acting in their
official capacities must be construed as suits against the United
States").

The sole remedy available to the plaintiff is a claim under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. § 2679(b)(1). While 39 U.S.C. § 401 provides that the Postal Service can "sue and be sued in its official name," this provision does not operate to circumvent the FTCA's procedural requirements. See 39 U.S.C. § 409(c) (incorporating Title 28, including the FTCA). See also 28 U.S.C. § 2679(a) ("[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b)[1] of this title"). "'[F]or state tort claims arising out of the activity of the Postal Service, § 409(c) compels the application of the FTCA and its attendant provisions.'" Boehme v. U.S. Postal Service, 343 F.3d 1260, 1263 (10th Cir. 2003). Accordingly, the plaintiff's claim must be brought pursuant to the FTCA and the plaintiff must follow the FTCA's procedural requirements.

### 3. Proper Defendant

The government also argues, correctly, that the proper defendant for an FTCA claim is the United States. See Mignogna

---

[1] This section discusses district courts' exclusive jurisdiction over civil actions on "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1).

v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991) ("an action [under the Federal Tort Claims Act] must be brought against the United States rather than an agency thereof"); Williams v. U.S., No. 03 Civ. 9909(GEL), 2007 WL 951382, at *3 n. 5 (S.D.N.Y. Mar. 22, 2007) ("a suit under the FTCA lies only against the United States, as the FTCA only authorizes suit against the United States"). 28 U.S.C. § 2679(b)(1) provides that "[t]he remedy against the United States . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages." If this were the only flaw in the plaintiff's complaint, such a deficiency could easily be remedied by a substitution of the United States for the present defendant.

### 4. Failure to Exhaust Pursuant to the FTCA

Lastly, the court agrees with the government's argument that the Second Count should be dismissed for failure to exhaust administrative remedies. See 28 U.S.C. § 2675(a). See also 39 U.S.C. § 409(c) ("[t]he provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service"). "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.

11

This requirement is jurisdictional and cannot be waived."

Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 82 (2d Cir. 2005). The plaintiff failed to allege in his complaint that he initiated an administrative action prior to commencing the instant suit. Moreover, the plaintiff offered no rebuttal to the government's affidavit reporting its unsuccessful search for administrative claims. Accordingly, the plaintiff's intentional infliction of emotional distress claim is being dismissed.

**IV. CONCLUSION**

For the reasons set forth above, the Defendant's Motion to Dismiss (Doc. No. 11) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 10th day of May 2007 at Hartford, Connecticut.


                                    /s/AWT
                              Alvin W. Thompson
                         United States District Judge